UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GAIL KASTEROWICZ

    Plaintiff,

v.                       Case No: 2:14-cv-68-FtM-29DNF

WALGREEN CO.,

    Defendant.

**ORDER**

This matter comes before the Court on review of the Complaint (Doc. #1) filed on February 5, 2014.[1] Subject-matter jurisdiction is premised on the presence of diversity of jurisdiction between the parties. (Id., ¶ 1.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.[2] 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

Plaintiff alleges that she is a "resident" of the State of Florida and a resident of Massachusetts. (Doc. #1, ¶ 3.) "In

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

[2] Plaintiff alleges damages in excess of $100,000 and incurred medical expenses. (Doc. #1, ¶ 10.)

order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotation marks and citations omitted).

Plaintiff has failed to properly allege her citizenship. Therefore, no diversity of jurisdiction is alleged. Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

The Court notes that plaintiff does not specify any counts or a legal theory or basis of recovery in the Complaint. In amending, plaintiff may address this deficiency as well.

Accordingly, it is now

**ORDERED:**

2

The Complaint (Doc. #1) is dismissed for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Order.

**DONE** AND **ORDERED** at Fort Myers, Florida, this   10th   day of February, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record