```
          UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF FLORIDA
              FORT MYERS DIVISION
```

GAIL KASTEROWICZ,

       Plaintiff,

v.                              Case No: 2:14-cv-68-FtM-29DNF

WALGREEN CO.,

       Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #15) filed on March 28, 2014. Plaintiff filed an Opposition to Defendant's Motion to Dismiss (Doc. #16) on April 11, 2014. Defendant filed a Memorandum in Support of Motion to Dismiss (Doc. #17) on April 15, 2014, and plaintiff filed a Surreply on April 21, 2014. For the reasons set forth below, the motion is granted.

**I.**

On February 1, 2010, plaintiff Gail Kasterowicz was prescribed Ciprofloxacin by her treating physician. According to the prescription, plaintiff was to take one 500mg tablet of Ciprofloxacin twice per day. Plaintiff had the prescription filed by defendant Walgreen Co. on February 1, 2010, and again on or about February 5, 2010. When the prescriptions were filled, defendant incorrectly indicated on the bottles containing the

medication that plaintiff was to take two 500mg tablets of Ciprofloxacin four times a day. Plaintiff relied on the instructions provided by Walgreen and was eventually hospitalized for overdosing on the medication. Plaintiff did not discover Walgreen's error until she consulted with a physician in July 2010.

Plaintiff filed this action on February 5, 2014, and is now relying on her First Amended Complaint. The First Amended Complaint sets for claims for breach of warranty (Count I) and negligence (Count II).

**II.**

Defendant asserts that the Amended Complaint should be dismissed as untimely because the two-year statute of limitations for professional malpractice applies to both of plaintiff's claims. Plaintiff contends that her claims are governed by a four-year statute of limitations. The statute of limitations is an affirmative defense, and the burden of proving an affirmative defense is on the defendant. Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1292 (11th Cir. 2005). Dismissal under Rule 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred. Id.

Florida law provides that an action seeking to recover damages caused by professional malpractice, other than medical malpractice, whether founded on contract or tort, must be brought

within two years from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. Fla. Stat. § 95.11(4)(a). Plaintiff contends, however, that her claims are governed by the four-year statute of limitations set forth in Fla. Stat. § 95.11(3) because she has not brought a claim for professional malpractice as defined by Fla. Stat. § 95.11(4)(a).

The only Florida appellate case on point is in defendant's favor. In Sheils v. Jack Eckerd Corp., 560 So. 2d 361 (Fla. 2d DCA 1990), a case factually similar to the current matter, the court determined that the two-year statute of limitations for professional malpractice applied to the plaintiffs' claims of strict liability, negligence, and breach of warranty. In reaching this conclusion, the court noted that "[i]t is not disputed in this case that but for the alleged negligence of appellee's pharmacist there would have been no error in the prescribed dosage and appellants would have no cause of action under any theory." Id. at 363. Because the plaintiffs' claims were based on professional's negligence, the court found that § 95.11(4)(a), as the more specific statute, applied to all of the plaintiffs' claims. Id.

While plaintiff argues that Florida courts have declined to follow the holding in Sheils, she is incorrect. In Sova Drugs, Inc. v. Barnes, 661 So. 2d 393 (Fla. 5th DCA 1995), and Layton v.

3

SmithKline Beecham, No. 8:05-cv-2107-T27-EAJ, 2006 WL 2194498 (M.D. Fla. Aug. 2, 2006), the courts determined that the presuit notice and investigation requirements for medical malpractice claims do not apply to pharmacists because they do not qualify as health care providers under the Medical Malpractice Reform Act. These cases neither address the statute of limitations issue of Sheils nor undermine its holding. Plaintiff's reliance on Fontanez v. Patereral Therapy Assocs., 974 So. 2d 1101 (Fla. 5th DCA 2007) is also misplaced because that case likewise does not address the statute of limitations issue. No Florida published appellate decision has declined to follow Sheils. Having found no authority to the contrary, the Court will apply the holding in Sheils.

It is clear from the face of plaintiff's First Amended Complaint that the claims asserted therein are untimely under Fla. Stat. § 95.11(4)(a) because the causes of action were discovered in July 2010. (Doc. #7, ¶ 11.) Both of plaintiff's claims in the instant matter are based on the alleged negligence of defendant's pharmacist, and absent such negligence plaintiff would not have a cause of action under any theory. Because Sheils holds that the statute of limitations for professional malpractice covers claim sounding in tort, such as negligence, and contract, such as breach of warranty, the Court finds that the two-year limitations period applies to both of plaintiff's claims.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #15) is **GRANTED** and the Complaint is **dismissed with prejudice**.

2. The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this   5th   day of May, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record